UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NICOLAS FREDERICKS | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CAUSE NO. 5:20-CV-1056 |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY | § | |
| *Defendant.* | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Allstate Fire and Casualty Insurance Company hereby removes this lawsuit which is currently pending in District Court, 25th Judicial District, Guadalupe County, Texas, Cause No. 20-1863-CVA, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship, and would respectfully show the Court as follows:

### BACKGROUND

1.      On August 18, 2020, Plaintiff filed his Original Petition styled *Nicolas Fredericks v. Allstate Fire and Casualty Insurance Company,* in which Plaintiff alleges causes of action for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, and the common law duty of good faith and fair dealing.  *See* Exhibit A, Plaintiff's Original Petition with Discovery, pp. 2, 6.

2.      Plaintiff served Defendant with Plaintiff's Original Petition and process on August 24, 2020, by certified mail on its registered agent. *See* Exhibit B (Service of Process Transmittal and Service of Process).

3.      Plaintiff failed to comply with Rule 47(b) of the Texas Rules of Civil Procedure by failing to plead one of the permissible, specified damages ranges set out in the rule. *See* Exhibit A, p. 8. He does however state that monetary relief sought is within the limits of the state district court and the maximum monetary relief sought is under $75,000.00. *Id.* However, Plaintiff reserves the right to amend the amount sought and states that the amount of damages is best left to the discretion of the jury. *Id.* Plaintiff seeks damages for breach of contract, violations of the Texas insurance Code, common law bad faith, attorney's fees and statutory penalties. *Id.*, p. 2, 6–8.

4.      Prior to suit, Plaintiff submitted a demand letter to Allstate detailing past and future medical expenses in the amount of $166,766.00. *See* Exhibit C, Demand Letter of June 26, 2019 (edited down to remove unnecessary medical records).

5.      Plaintiff has demanded a jury trial. *See* Exhibit A, p. 10.

GROUNDS FOR REMOVAL

6.      This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states.  Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

**A.  Parties are Diverse**

7.      Plaintiff is a natural person who affirmatively alleges that he is a Texas resident. *See* Exhibit A, p. 1.

8.      Defendant Allstate Fire and Casualty Insurance Company is an Illinois corporation with its principle place of business in Illinois and is a citizen of Illinois.

**B.  Amount in Controversy**

9.      The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co.*

*L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

10.     Here, damages sought in Plaintiff's original petition and his previously submitted demand letter show the amount in controversy exceeds $75,000.00. Specifically, Plaintiff is claiming that his past and future medical expenses from this accident are $166,766.00. In light of the facts that plaintiff is seeking statutory attorney's fees, and statutory penalties for violations of the Insurance Code, which may result in treble damages, it is clear that the amount in controversy exceeds $75,000.00.

### REMOVAL IS PROCEDURALLY PROPER

11.     This notice of removal is timely filed within thirty (30) after service of process upon Defendant. *See* 28 U.S.C. §1441(b)(1).

12.     Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Guadalupe County, Texas, the place where the State Court suit was filed.

13.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached herein as Exhibit A and Exhibit B.

14.     Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the County Clerk of Guadaluple County.

**PRAYER FOR RELIEF**

15.     Defendant Allstate Fire and Casualty Insurance Companu prays that the Court accept jurisdiction over the state court action for the reasons set forth above, and grant Defendant any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO,**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797


 /s/  Robert E. Valdez
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
**Joseph E. Cuellar**
State Bar No. 24082879
jcuellar@valdeztrevino.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I do hereby certify that the foregoing instrument was served on the following counsel this

4th day of September 2020, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via email:

Desiree Marrufo
**DAVIS LAW FIRM**
10500 Heritage Boulevard, Suite 102
San Antonio, Texas 78216
*Counsel for Plaintiff*

*/s/* Robert E. Valdez
**Robert E. Valdez**